954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Musa HAS, Petitioner-Appellant,
v.
B.J. BUNNELL, Superintendent, Respondent-Appellee.
 No. 90-56298.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1992.*
Decided Feb. 10, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Musa Has appeals from the dismissal of his petition for a writ of habeas corpus. Has requests that the dismissal of his habeas petition be reversed because there was insufficient evidence to sustain his conviction for manslaughter.
 
 
 3
 In determining whether sufficient evidence exists to support a jury's verdict, we must determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia 443 U.S. 307, 319 (1979) (emphasis in original). Based on our independent review of the evidence, we conclude that sufficient evidence existed for a reasonable jury to find Has guilty of manslaughter.
 
 
 4
 Has submits that he was convicted of the murder of Marshall Sowder based solely on the presence of bloodstains in the apartment he shared with Sowder. Has argues that since this evidence is not reliable, insufficient evidence existed to convict him of Sowder's homicide.
 
 
 5
 Sowder was allegedly killed on July 13, 1984. The body has not been found. Dr. Paul R. Thompson, the medical director of the Los Angeles and Orange County Red Cross, identified the victim's blood type as Type A. Thompson relied on a Red Cross document which recorded Sowder's blood type after he donated blood in 1973. On cross-examination, the doctor admitted that errors in performing the blood test or in recording the results may have occurred when Sowder made his donation.
 
 
 6
 Has asserts that the possibility of such errors raises a reasonable doubt that the blood type obtained from the Red Cross was actually Sowder's. We disagree. Based on the uncontradicted evidence obtained from the Red Cross, a rational jury could have determined beyond a reasonable doubt that Sowder's blood was Type A.
 
 
 7
 Gregory Matheson, a criminalist assigned to the serology section of the Los Angeles Police Department, examined the bloodstains found in Sowder's apartment on November 6, 1984. Matheson testified that several of these bloodstains were indicative of blood Type A. He was unable to determine the blood type of other bloodstains. He explained that many factors may cause a sample to deteriorate and make it impossible to determine the blood type.
 
 
 8
 On cross-examination, Matheson testified that he must identify both an antigen and an antibody to type a bloodstain definitively. If he can only identify an antigen or an antibody, the bloodstain is only indicative of a particular blood type. Although antigens are "very sturdy," antibodies break down quickly. R.T. at 512. Investigators "are unable to define antibodies after not too long a period of time." R.T. at 512. Matheson added that after three months, an antibody would break down. He therefore would not expect to be able definitively to type a blood sample after three months.
 
 
 9
 Has argues that since the serologist was able to determine the blood type of the stains after four months, the blood stains could not have belonged to Sowder. Has misunderstands Matheson's testimony. Matheson testified that after three months he would not be able to detect a Type A antibody in the blood stains. However, he could still detect a Type A antigen. Although Matheson could not definitively type the blood stains in the apartment, he detected antigens which were indicative of blood Type A.
 
 
 10
 The circumstantial evidence fully supports the jury's verdict. After the victim disappeared, Has obtained a driver's license in the name of Marshall Sowder. Has forged checks and credit cards in Sowder's name. He withdrew money from Sowder's bank account. He also wrote a letter to the victim's stockbroker directing the sale of the victims's stock holdings and the distribution of the proceeds to him. When the police investigated Sowder's disappearance, Has lied about Sowder's whereabouts and claimed he had received a post card from him.
 
 
 11
 Viewing these facts in the light most favorable to the government, the government presented sufficient evidence to persuade any rational trier of fact that Has was guilty of Sowder's homicide.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3